United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL ROLANDO ORTIZ-REMON,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 1:26-cv-06443 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 12–13. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Cuba, Petitioner entered the United States on February 10, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. 1 ¶ 23; Dkt. No. 6 at 7. On March 2, 2022, Petitioner was released from custody by an immigration judge after posting a $1,500 bond, and was placed in removal proceedings. *See* Dkt. No. 1 at 15, 19. After his release, Petitioner applied for asylum and began living in the United States. *Id.* ¶ 23. He further claims to have no criminal history. On July 15, 2026, ICE officers detained Petitioner during a traffic stop. *See* Dkt. No. 6 at 4.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Ignacio A.H. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03817-TLN-AC, 2026 WL 1785257, at *2–3 (E.D. Cal. June 22, 2026) (finding that petitioner previously released by DHS on bond was entitled to notice and a pre-deprivation hearing prior to re-detention); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256, at *5

(E.D. Cal. Sept. 9, 2025) (same). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his prior release on bond. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents do not substantively oppose Petitioner's due process claim, and instead only argue that "detention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," but Petitioner is "entitled to seek a custody redetermination hearing before an immigration judge." Dkt. No. 6 at 1. The Court rejects this argument. "Ordinarily, the government must provide pre-deprivation notice before" arresting an individual previously released by DHS. *Voldemir N.D.C. v. ERO/ICE US General Attorney*, No. 1:26-CV-06279-MWJS, 2026 WL 2516706, at *2 (E.D. Cal. Aug. 25, 2026). "And Respondent[s] ha[ve] not identified any urgent concerns in this case that might have justified providing only post-deprivation process." *Id*. (quotation omitted). Because Petitioner should have been given process before his detention, he is entitled to immediate release.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and

convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 22, 2026

EDWARD J. DAVILA
United States District Judge